# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 50331

| | |
|---|---|
| STATE OF IDAHO,<br><br>      Plaintiff-Respondent,<br><br>v.<br><br>KATIE MARIE DOLAN,<br><br>      Defendant-Appellant. | )<br>)  **Filed: May 20, 2024**<br>)<br>)  **Melanie Gagnepain, Clerk**<br>)<br>)  **THIS IS AN UNPUBLISHED**<br>)  **OPINION AND SHALL NOT**<br>)  **BE CITED AS AUTHORITY**<br>)<br>)<br>) |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Lynn G. Norton, District Judge.

Judgment of conviction and suspended, unified sentence of three years, with a minimum period of confinement of one year, for felony eluding a police officer, <u>affirmed</u>.

Erik R. Lehtinen, State Appellate Public Defender; Andrea W. Reynolds, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

---

Before GRATTON, Chief Judge; HUSKEY, Judge;
and LORELLO, Judge

---

PER CURIAM

Katie Marie Dolan was found guilty of felony eluding a peace officer. I.C. § 49-1404(2)(c). The district court sentenced Dolan to a unified term of three years, with a minimum period of confinement of one year. The district court suspended the sentence and placed Dolan on probation. Dolan appeals, arguing that her sentence is excessive.[1]

---

[1]    Dolan was also found guilty of and sentenced for a misdemeanor charge. However, she does not challenge this judgment of conviction and sentence on appeal.

Mindful that Dolan received a sentence less than her counsel asked for, she asserts that the district court erred in imposing an excessive sentence. The doctrine of invited error applies to estop a party from asserting an error when his or her own conduct induces the commission of the error. *State v. Atkinson*, 124 Idaho 816, 819, 864 P.2d 654, 657 (Ct. App. 1993). One may not complain of errors one has consented to or acquiesced in. *State v. Caudill*, 109 Idaho 222, 226, 706 P.2d 456, 460 (1985); *State v. Lee*, 131 Idaho 600, 605, 961 P.2d 1203, 1208 (Ct. App. 1998). In short, invited errors are not reversible. *State v. Gittins*, 129 Idaho 54, 58, 921 P.2d 754, 758 (Ct. App. 1996). This doctrine applies to sentencing decisions as well as rulings made during trial. *State v. Griffith*, 110 Idaho 613, 614, 716 P.2d 1385, 1386 (Ct. App. 1986).

Therefore, because Dolan received a lesser sentence than requested, she may not complain that the district court abused its discretion. Accordingly, Dolan's judgment of conviction and sentence is affirmed.